UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
RAMONA JUDITH FERREIRA,

               Plaintiff,                                            18-cv-1469 (AEK)

       -against-                                        **DECISION AND ORDER**

KILOLO KIJAKAZI,[1]
ACTING COMMISSIONER OF SOCIAL SECURITY,

               Defendant.
-------------------------------------------------------------------x

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.[2]**

Before the Court is Plaintiff Ramona Judith Ferreira's motion for attorney's fees pursuant to 42 U.S.C. § 406(b). ECF Nos. 21, 24. For the reasons set forth below, the motion is GRANTED.

**I.    BACKGROUND**

Plaintiff filed an application for disability insurance benefits with a disability onset date of December 10, 2012. ECF No. 1 ¶ 5. On July 27, 2016, an administrative law judge ("ALJ") determined that Plaintiff was not entitled to benefits. *Id.* ¶ 6. The Appeals Council denied Plaintiff's request for review of the ALJ decision on December 21, 2017. *Id.* ¶ 7. Thereafter, in February 2018, Plaintiff retained the Olinsky Law Group to pursue her claim in federal court. Declaration of Howard D. Olinsky ("Olinsky Decl.") Ex. A (ECF No. 25-1) (the "Agreement").

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi has been substituted for Nancy A. Berryhill as the Defendant in this action.

[2] On April 2, 2018, the parties consented to proceed before the Honorable Lisa Margaret Smith for all purposes in accordance with 28 U.S.C. § 636(c). ECF No. 11. The matter was reassigned to the undersigned on December 9, 2020.

Pursuant to the Agreement, Plaintiff indicated her understanding that if she were to prevail in federal court and if she were then to be awarded past-due disability benefits, the Olinsky Law Group could ask the Court to award up to 25 percent of her past-due benefits.  Olinsky Decl. ¶ 3 & Ex. A.  The Agreement provides that if the Olinsky Law Group is granted fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, and from Plaintiff's past-due benefits pursuant to 42 U.S.C. § 406(b) for the same work, the Olinsky Law Group will refund the smaller of the either the 406(b) fees or the EAJA fees to Plaintiff.  *See* Olinsky Decl. Ex. A.

Plaintiff filed her complaint on February 19, 2018.  ECF No. 1.  Before Defendant filed the administrative record, the parties submitted a proposed stipulation and order of remand, which was so ordered by the Court on May 4, 2018.  ECF No. 12.  A judgment was issued on May 7, 2018, and the matter was remanded to the SSA for further administrative proceedings.  ECF No. 13.  On September 13, 2018, the Court signed a stipulation and order approving the award of EAJA fees and expenses in the amount of $1,589.03.  ECF No. 20.

Upon remand to the SSA, Plaintiff was found to have been entitled to benefits beginning in June 2013; the SSA issued two notices of awards ("NOAs") for child's benefits and an NOA for Plaintiff's own benefits, which set forth the amounts payable to Plaintiff and her children.  *See* ECF Nos. 25-2, 25-3, and 25-4.  The NOAs stated that the SSA withheld 25 percent of the past-due benefits—a total of $26,503.50—to pay fees to an authorized representative.  Olinsky Decl. ¶ 6; *see* ECF No. 25-2 (withholding $19,906.50); ECF No. 25-3 (withholding $2,270.00); and ECF No. 25-4 (withholding $4,327.00).

The NOAs for Plaintiff's children are dated June 7, 2020, and were stamped as having been received on June 8, 2020.  ECF Nos. 25-3, 25-4.  On June 11, 2020, the Comptroller of the Olinsky Law Group sent an e-mail to a paralegal at the law firm that represented Plaintiff in her

2

successful proceedings before the SSA; that e-mail stated that the Olinsky Law Group had received copies of Plaintiff's children's NOAs, and asked that a copy of the NOA for Plaintiff also be provided to the Olinsky Law Group. *See* ECF No. 21-3 at 2. Mr. Olinsky sent a second e-mail to the firm on June 15, 2020 to inquire about the NOA for Plaintiff, specifically noting that he would need to have the NOA in light of his deadline to apply for § 406(b) fees. *Id.* On June 26, 2020, Plaintiff's counsel for the SSA proceedings responded to Mr. Olinsky to confirm that the firm had not received an NOA for Plaintiff. *Id.* at 1. The June 26, 2020 e-mail also confirmed that Plaintiff's counsel for the SSA proceedings had been advised that $26,514 would be withheld for fees, and that counsel would be seeking $18,500 in fees for the work performed at the administrative level. *Id.*; *see* Olinsky Decl. ¶ 7 (confirming that Plaintiff's "hearing level representative" requested a fee award of $18,500 pursuant to 42 U.S.C. § 406(a)).

The NOA for Plaintiff is dated October 1, 2020, and the version submitted as an exhibit to the Olinsky Declaration was stamped as having been received on October 5, 2020. *See* ECF No. 25-2. Mr. Olinsky asserts in his declaration that "[a] Notice of Award was not received by Plaintiff's representative nor Petitioner." Olinsky Decl. ¶ 4. This sentence, however, is a vestige of the original declaration submitted by Mr. Olinsky on July 2, 2020, which contains the exact same language. *See* ECF No. 21-1 ¶ 4. Plainly, the Olinsky Law Group must have received a copy of Plaintiff's NOA *at some point* after it was issued on October 1, 2020, since it was available to be attached to the amended motion for attorney's fees. Moreover, according to the Commissioner, a copy of Plaintiff's NOA was sent to Mr. Olinsky's attention. *See* ECF No. 26 at 2 n.1 & ECF No. 26-1.[3] The most logical and plausible inference to be drawn from the

---

[3] The Commissioner states as much in an unsworn letter to the Court, but provides no documentation or affidavit from the SSA to establish that the October 1, 2020 NOA was, in fact, mailed to Plaintiff's counsel.

3

materials presented in connection with this motion is that the Olinsky Law Group received Plaintiff's NOA on October 5, 2020.

Plaintiff originally filed a motion for attorney's fees on July 2, 2020.  ECF No. 21.  This filing came 24 days after the Olinsky Law Group's receipt of the children's NOAs, though just six days after Mr. Olinsky received confirmation from Plaintiff's counsel for the SSA proceedings that there was no NOA for Plaintiff and an indication of the total amount that would be withheld for potential payment of fees.  Plaintiff subsequently requested that the motion be held in abeyance "to determine whether there is a[n NOA] and whether any attorney fees have been paid at the administrative level."  *See* ECF No. 22.  Judge Smith granted this application on July 29, 2021, *see* ECF No. 23, and the motion was re-filed on November 4, 2020, seeking $4,920 in attorney's fees, *see* ECF Nos. 24, 25.[4]  The November 4, 2020 filing came 30 days after the October 5, 2020 receipt of Plaintiff's NOA.  On November 17, 2020, Defendant filed a response in the SSA's limited role "resembling that of a trustee for the claimant[]."  ECF No. 26 at 1 (citing *Gisbrecht*, 535 U.S. at 798 n.6).

## II.    DISCUSSION

### A.    Legal Standard

"Three statutes authorize attorney's fees in social security actions.  42 U.S.C. § 406(a) compensates attorneys for their representation at the administrative level; 42 U.S.C. § 406(b) compensates attorneys for representation before federal courts; and the EAJA provides additional fees if the Commissioner's position was not substantially justified."  *Lafrance v. Saul*, No. 17-cv-4709 (CM) (SN), 2019 U.S. Dist. LEXIS 145812, at *3 (S.D.N.Y. Aug. 26, 2019) (quotation

---

[4] Mr. Olinsky appropriately acknowledges in his declaration that if the Court awards a § 406(b) fee in excess of the EAJA award, he must refund the EAJA award to Plaintiff.  *See* Olinsky Decl. ¶ 9; *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002).

4

marks omitted) (citing *Gisbrecht*, 535 U.S. at 794-96), *adopted by* 2019 U.S. Dist. LEXIS 162093 (S.D.N.Y. Sept. 20, 2019).  Pursuant to § 406(b), which is invoked here, "[w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation," as long as the fee does not exceed "25 percent of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b)(1)(A).

    **B.**    **Analysis**

        **1.  Timeliness**

The Court will first address whether Mr. Olinsky timely filed his application for attorney's fees.  In *Sinkler v. Berryhill*, the Second Circuit concluded that the 14-day filing period set forth in Rule 54(d)(2)(B) of the Federal Rules of Civil Procedure applies to attorney's fees applications under 42 U.S.C. § 406(b), but that the 14-day filing period is subject to equitable tolling.  932 F.3d 83, 85 (2d Cir. 2019).[5]  Thus, "[w]here, as here, a Social Security claimant secures a judgment reversing a denial of benefits and remanding for further proceedings, the fourteen-day filing period is tolled until the claimant receives notice of the amount of any benefits award . . . because the benefits award amount is necessary to identify the maximum attorney's fee that may be awarded under § 406(b)." *Id.*  In holding that Rule 54(d)(2)(B) applies in the context of § 406(b) motions, the Second Circuit noted that the 14-day limitations period "is not absolute," and that such a period applies "unless a statute or a court order provides otherwise." *Sinkler*, 932 F.3d at 89 (quoting Fed. R. Civ. P. 54(d)(2)(B)).  "Thus, district courts are empowered to enlarge that filing period where circumstances warrant." *Id.*

---

[5] Rule 54(d)(2)(B) states that "[u]nless a statute or a court order provides otherwise," a motion for attorney's fees must "be filed no later than 14 days after the entry of judgment." Fed. R. Civ. P. 54(d)(2)(B)(i).

Plaintiff's filing of the original motion came more than 14 days after counsel received the NOAs for Plaintiff's children, but *Sinkler* expressly provides that the 14-day period is tolled until the claimant receives notice of the amount of a benefits award "because the benefits award amount is necessary to identify the maximum attorney's fee that may be awarded under § 406(b)." 932 F.3d at 85.  While the June 7, 2020 NOAs for Plaintiff's children provided partial information about the scope of attorney's fees that would be available pursuant to § 406(b), they did not provide enough information for the Olinsky Law Group to be able to determine the maximum attorney's fee available under § 406(b).  *See Kraft v. Comm'r of Soc. Sec.*, No. 18-CV-853S, 2021 U.S. Dist. LEXIS 75647, at *3-4 (W.D.N.Y. Apr. 20, 2021) (finding motion for § 406(b) fees to be timely when staggered issuance of NOAs to plaintiff and his children delayed notice to counsel about maximum attorney's fees that could be claimed).  Yet Mr. Olinsky was proactive about seeking the information he would need in order to make a § 406(b) application.  Upon receipt of the children's NOAs, he and his colleagues made inquiries about whether there was an NOA for Plaintiff, and the contemporaneous documentary record submitted with the original motion makes clear that Mr. Olinsky was mindful of his deadline for seeking attorney's fees.  *See* ECF No. 21-3 at 2.  Even though the SSA had not issued the NOA that was necessary to definitively determine the maximum amount of attorney's fees that would be available, Mr. Olinsky sought out and obtained informal notification from Plaintiff's counsel for the SSA proceedings that the SSA would be withholding $26,514 for fees.[6]  *Id.* at 1.  Once Mr. Olinsky had this information, he filed the original motion six days later, without waiting to receive

---

[6] This number turned out to be nearly exactly correct—the actual amount withheld was $26,503.50, *see* Section I, *supra*—but the fact that it was not the exact amount withheld highlights the importance, recognized by the *Sinkler* Court, of having the actual NOA to determine the maximum amount of fees available.

Plaintiff's NOA. On this record, Plaintiff's filing of the original motion was not untimely under the *Sinkler* rule at all—not only had Plaintiff not received the necessary documentation to "identify the maximum attorney's fee that may be awarded under § 406(b)," but when he did learn informally what he understood to be the potential amount of fees available, he filed the original motion just six days later.

With respect to the timing of the filing of the amended motion, Mr. Olinsky received Plaintiff's NOA on October 5, 2020, but did not file the amended motion until 30 days later. While this filing does fall outside the 14-day limitations period prescribed by *Sinkler* for filing a § 406(b) motion, the circumstances here warrant an enlargement of the filing period to allow for the briefly delayed submission of the amended motion for attorney's fees. The delay associated with this motion is fundamentally a problem of *Defendant's* making. By issuing separate NOAs nearly four months apart for a single adjudicated matter, the Commissioner put the Olinsky Law Group in the difficult position of having to solicit the information necessary to file an application for § 406(b) fees and then to file a motion even without the appropriate documentation in an effort to preserve its rights. Mr. Olinsky took the necessary steps to attempt to comply with his filing obligations, and the filing of the original motion reflects an intention to adhere to all procedural requirements. While this does not excuse the fact that the amended motion should have been filed promptly after receipt of Plaintiff's NOA, the Olinsky Law Group should not be penalized for this short delay given its overall efforts to meet the necessary deadlines in the face of the confusion and ambiguity caused by the SSA's staggered issuance of the NOAs. Accordingly, the enlargement of the filing period is warranted under the circumstances, and the amended motion is deemed to be timely. *See Sinkler*, 932 F.3d at 89-90.

### 2. Reasonableness of the Fee Award

"Although 42 U.S.C. § 406(b) requires the court to review the reasonableness of any requested attorney's fees, because a contingency fee arrangement is the result of a freely negotiated arrangement between the claimant and his or her attorney, the court may only reduce the agreed upon contingency fee amount when it finds the amount unreasonable." *Ibbetson v. Saul*, No. 14-cv-7824 (KMK) (JCM), 2019 U.S. Dist. LEXIS 107259, at *8 (S.D.N.Y. June 25, 2019) (citing *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990)), *adopted by* 2019 U.S. Dist. LEXIS 118146 (S.D.N.Y. July 16, 2019). "Thus, '§ 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements.'" *Id.* (quoting *Gisbrecht*, 535 U.S. at 808-09). To assess the reasonableness of a contingency fee, a court must first determine whether "the contingency percentage is within the 25% cap . . . [and] whether there has been fraud or overreaching in making the agreement." *Wells*, 907 F.2d at 372. A court must then consider the following factors to determine the reasonableness of a requested award: (1) whether the requested fee is out of line with the "character of the representation and the results the representation achieved;" (2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his own fee; and (3) whether "the benefits awarded are large in comparison to the amount of time counsel spent on the case," the so-called "windfall" factor. *Palazzolo v. Saul*, No. 18-cv-1097 (VSB) (JLC), 2020 U.S. Dist. LEXIS 192167, at *4 (S.D.N.Y. Oct. 16, 2020) (quoting *Gisbrecht*, 535 U.S. at 808); *see also Wells*, 907 F.2d at 371.

Here, Mr. Olinsky is requesting a fee of $4,920 for 11.4 hours of work—4.2 hours performed by attorneys and 7.2 hours performed by paralegals. *See* ECF No. 25 ¶ 11; ECF Nos.

25-6, 25-7.  First, the contingency percentage requested here is within the 25 percent cap, and there is no evidence of fraud or overreaching in the negotiation of the Agreement.  Second, the requested fee is in line with the "character of the representation and the results the representation achieved"—"[c]ounsel's efforts were particularly successful given that they contributed to the Commissioner's ultimate decision to stipulate to a remand before briefing had even commenced."  *Phillip v. Comm'r of Soc. Sec.*, No. 18-cv-5005 (SN), 2021 U.S. Dist. LEXIS 32400, at *6 (S.D.N.Y. Feb. 22, 2021) (quotation marks omitted).  Third, there is no indication that counsel unreasonably delayed the proceedings.  And finally, the requested fee amount does not constitute a windfall.  Assuming that the paralegal hours are billed at $100 per hour, the requested award would result in a *de facto* attorney hourly rate of $1,000 per hour ($4,200 for 4.2 hours of attorney work).  *See* ECF No. 25 ¶ 11.  While this is at the higher end of the range of hourly rates for these types of cases, other courts in this district have granted similar and even higher rates, including in cases litigated by Mr. Olinsky.  *See, e.g.*, *Weaver v. Colvin*, No. 15-cv-6559 (JPO), 2021 U.S. Dist. LEXIS 125292, at *2-3 (S.D.N.Y. July 6, 2021) (approving hourly rate of $1,044.63 for Mr. Olinsky); *Muniz v. Comm'r of Soc. Sec.*, No. 18-cv-8295 (KMK) (PED), 2020 U.S. Dist. LEXIS 236935, at *7-8 (S.D.N.Y. Dec. 15, 2020) (approving $1,257.15 hourly rate), *adopted by* 2021 U.S. Dist. LEXIS 16519 (S.D.N.Y. Jan. 28, 2021); *Valle v. Colvin*, No. 13-cv-2876 (JPO), 2019 U.S. Dist. LEXIS 82180, at *8-9 (S.D.N.Y. May 15, 2019) (approving $1,079.72 hourly rate); *Nieves v. Colvin*, No. 13-cv-1439 (WHP) (GWG), 2017 U.S. Dist. LEXIS 211590, at *5-7 (S.D.N.Y. Dec. 26, 2017) (approving $1,009.11 hourly rate), *adopted by* 2018 U.S. Dist. LEXIS 11545 (S.D.N.Y. Jan 24, 2018).

Furthermore, contingency agreements, like the one at issue here, present risks of non-payment; "payment . . . is inevitably uncertain, and any reasonable fee award must take account

9

of that risk." *Nieves*, 2017 U.S. Dist. LEXIS 211590, at *6 (citing *Wells*, 907 F.2d at 371). The award amount sought here appropriately reflects that risk. Accordingly, Mr. Olinsky's requested fee award of $4,920 is reasonable.

### III. CONCLUSION

The motion for attorney's fees under 42 U.S.C. § 406(b) is GRANTED, and Mr. Olinsky is awarded $4,920 in attorney's fees. The Commissioner is instructed to disburse this amount to Howard D. Olinsky of Olinsky Law Group. Upon receipt of this award, Mr. Olinsky must promptly refund to Plaintiff $1,589.03, which represents the EAJA fees that counsel already has received.

The Clerk of the Court is respectfully directed to terminate the motions at ECF Nos. 21 and 24.

Dated:   January 13, 2022
         White Plains, New York

_____
ANDREW E. KRAUSE
United States Magistrate Judge